UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 3:20-cr-86-TJC-JBT

JAMES F. PORTER, JR.

_____

**ORDER FOR SUPPLEMENT
OR, ALTERNATIVELY, TO SHOW CAUSE**

**THIS CAUSE** is before the Court on Defendant James F. Porter, Jr.'s Fourth Supplement as to Porter's Motion to Compel Compliance with Pretrial Subpoena Duces Tecum (Doc. 530) and Defendant James F. Porter, Jr.'s Motion to Compel Compliance with Pretrial Subpoena Duces Tecum ("Motion") (Doc. 454). Upon due consideration, the Motion will be **TAKEN UNDER ADVISEMENT** and Porter will be directed, **on or before March 25, 2022**, to either file a final supplement indicating that the Motion has been resolved or **SHOW CAUSE** why the Motion should not be denied for the reasons stated herein.

**I.   Background**

On July 29, 2021, Porter served a Federal Rule of Criminal Procedure 17(c) subpoena on "OfficeAlly – Office of the General Counsel" by serving "James Davis as IT Specialist." (Doc. 454 at 15.) This may not have been effective service.[1] The subpoena commanded the pretrial production of a broad array of documents,

---

[1] No appearance has been made on behalf of OfficeAlly in this case.

such as Electronic Data Interchange ("EDI") files for the time period from May 1, 2015 through February 28, 2018, concerning three hospitals and "other documents" relating to procedures for transmission of those EDI files to a number of health insurers. (Doc. 454 at 1, 15.) Although Porter has indicated to the Court that some of the subpoenaed information has been provided, it is unclear what has been provided and what has not. (*See* Docs. 489, 503, 515, & 530.) The specific information that Porter is seeking and its relevance to this case is also unclear. (*See id.*)

## II. Discussion

As the Court has now stated on several occasions, Federal Rule of Criminal Procedure 17(c)(1) provides in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.

Fed. R. Crim. P. 17(c)(1).

Rule 17(c) "was not intended to provide a means of discovery for criminal cases . . . [instead,] its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *U.S. v. Nixon*, 418 U.S. 683, 698–99 (1974) (citations omitted).

To require production before trial, the moving party must show:

(1) that the documents are evidentiary[ ] and relevant; (2)

2

> that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* The party requesting the issuance of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700. "The 'specificity' and 'relevancy' requirements are somewhat heightened in that they require more than the title of a document and conjecture as to its contents." *U. S. v. Blake*, No. 13-80054-CR, 2014 WL 1764679, at *4 (S.D. Fla. Mar. 25, 2014) (quotations omitted). As the Eleventh Circuit has stated, Rule 17 "only reaches specifically identified documents that will be admissible as evidence at trial . . . ." *U.S. v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the [Rule 17(c)] subpoena is being misused." *U.S. v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

In his response to this Order, Porter must show how any remaining documents he seeks clear the three hurdles set forth in *Nixon*, i.e., that specific documents are relevant and admissible. *See Nixon*, 418 U.S. at 700. He must do more than speculate about the contents of documents. Particularly at this

3

point in the case, after the Court has given extensive leeway to Defendants to subpoena relevant information, Porter should be able to identify specific documents and their contents, and show how such documents are relevant and admissible. If he cannot do so, the Motion will be denied.[2]

Finally, Porter shall show, with citations to appropriate authorities, how the subpoena was properly served on OfficeAlly.[3] The proof of service indicates that the subpoena was served on an "IT specialist." (Doc. 454 at 15.) This does not appear to be proper service. Moreover, it appears that no witness fee was tendered and no specific person or officer was named in the subpoena. See Fed. R. Civ. P. 17(d). Porter must show cause why the Motion should not be denied for these deficiencies as well.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 454**) is **TAKEN UNDER ADVISEMENT**.

2. **On or before March 25, 2022**, Porter shall either file a supplement indicating that the Motion (**Doc. 454**) has been resolved or **SHOW CAUSE** why the Motion should not be denied for the reasons stated herein.

---

[2] In addition, Porter must also state with specificity the information he has already received from OfficeAlly and clarify what he means in the supplements by "final data format." (See Doc. 503 at 2; Doc. 515 at 2; Doc. 530 at 2.)

[3] The Court is also unable to tell whether the Motion was properly furnished to OfficeAlly because the Certificate of Service does not state how the Motion was served. (Doc. 454 at 5.)

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2022.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Office Ally, Inc.
c/o Corporation Service Company, Registered Agent
300 Deschutes Way SW
Suite # 208 MC-CSC1
Tumwater, WA 98501

Office Ally, Inc.
c/o Christopher Hart & Gerry McCarthy, Governors
P.O. Box 872020
Vancouver, WA 98687-2020